**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CASPER JACKSON,

      Petitioner-Appellant,

vs.

STEVE HARGETT,

      Respondent-Appellee.

No. 98-6419
(D.C. No. 98-CV-81)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

      Mr. Jackson, an inmate appearing pro se, appeals from the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The magistrate judge, whose findings and recommendations were adopted by the district court, found that the petition was untimely under 28 U.S.C. § 2244(d), and that equitable tolling was not appropriate because Mr. Jackson failed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

to diligently pursue his claims. The district court also denied a certificate of appealability.

Mr. Jackson pled guilty to state offenses and was sentenced on May 1, 1987. He did not appeal. On January 22, 1997, he applied for state post-conviction relief, arguing that his appointed counsel failed to file a motion to withdraw his guilty plea as requested; counsel was ineffective; and the standard by which his competency was determined was found unconstitutional in Cooper v. Oklahoma, 517 U.S. 348 (1996). The trial court denied relief and the Oklahoma Court of Criminal Appeals affirmed on May 8, 1997. Mr. Jackson then filed his federal petition on January 15, 1998.

State prisoners whose convictions became final before April 24, 1996 had until April 23, 1997 to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). The one-year limitations period in § 2244(d)(1) is tolled by time spent pursuing post-conviction relief in state courts. See § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Thus, in order to be timely, Mr. Jackson's petition should have been filed by August 7, 1997.

However, this limitations period is procedural rather than jurisdictional and thus is subject to equitable tolling where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. See Calderon v.

United States District Court, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 119 S. Ct. 1377 (1999).  As we stated in <u>Miller v. Marr</u>, 141 F.3d 976 (10th Cir.), <u>cert. denied</u>, 119 S. Ct. 210 (1998), "[t]he one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, but requires inmates to diligently pursue claims." <u>Id.</u> at 978 (citations omitted).

Mr. Jackson provides no explanation for his failure to file his petition by August 7, 1997.  An allegation of incompetency at the time of his state court conviction, almost eleven years prior to filing his federal habeas petition, does not suffice.  We agree with the district court that he has failed to diligently pursue his claims, and thus conclude that his petition is untimely pursuant to § 2244(d)(1). Because Mr. Jackson has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), we DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge